# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FREITAG,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO CITY ATTORNEY,<br>MICHAEL GIORGINO,<br><br>　　　　　　　　Defendant. | CASE NO. 11cv2904-LAB (WMc)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER OF DISMISSAL** |

　　　On December 13, 2011, Plaintiff John Freitag filed his complaint without paying the filing fee. He did, however, file an application to proceed *in forma pauperis* (IFP) and a motion for appointment of counsel. The IFP application is incomplete. It says Freitag is receiving social security, disability benefits, or other welfare, but then fails to say how much he receives. He also says he has no assets or property of any kind, although the complaint refers to his cell phone records. The application is therefore **DENIED WITHOUT PREJUDICE**.

　　　Even if the Freitag is able to file a complete IFP application, the Court would be required to screen the Court is required to screen the complaint and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

1  2000).  Because Freitag is proceeding *pro se*, the Court construes his pleadings liberally,
2  *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but even a liberal construction
3  does not supply elements Freitag has not pleaded.  *See Ivey v. Board of Regents*, 673 F.2d
4  266, 268 (9th Cir. 1982).

5  Freitag's complaint is one page long.  He also filed a supplement to the complaint
6  attempting to explain it further.  Even with the additional information, the complaint is difficult
7  to follow.  Apparently Freitag is displeased that someone placed him under citizen's arrest,
8  and he thinks the San Diego police should have done something.  Some kind of proceeding
9  has apparently taken place against him in California state court; he mentions "malicious
10 prosecution" and cites case numbers 662067 and M121882.[1]  Freitag mentions various state
11 causes of action, including libel, nuisance, and intentional infliction of emotional distress.
12 Freitag also mentions being abused by unnamed citizens of San Diego.  The complaint
13 doesn't make any allegations against either the San Diego City Attorney or Michael Giorgino,
14 a local attorney.

15 If Freitag does have a related case pending in state court, this Court would abstain
16 from issuing rulings that interfere with proceedings.  If Freitag was involved in a case but the
17 case is final, the Court would lack jurisdiction over Freitag's de facto appeal, under the
18 *Rooker-Feldman* doctrine.  *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).
19 In either situation, Freitag would have no proper purpose for pursuing claims in this Court
20 against two attorneys.  Because the complaint fails to state a claim, fails to invoke the
21 Court's jurisdiction, and appears to be malicious, it is **DISMISSED WITHOUT PREJUDICE**.
22 Freitag's motion for appointment of counsel is **DENIED AS MOOT**.
23 **IT IS SO ORDERED**.
24 DATED: December 16, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] A Westlaw search of California court dockets using these numbers returned no results. Freitag apparently has two differently-numbered inactive harassment suits against San Diego police officers, but those defendants' names do not match any in this action.