# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FREITAG,<br><br>                 Plaintiff,<br>  vs.<br><br>SAN DIEGO CITY ATTORNEY,<br>MICHAEL S. GIORGINO,<br><br>                 Defendant. | CASE NO. 11cv2904-LAB (WMc)<br><br>**ORDER OF DISMISSAL<br>WITHOUT LEAVE TO AMEND** |

      On December 13, 2011, Plaintiff Freitag filed his one-page complaint in this action, naming two attorneys as Defendants. On December 16, the Court issued an order denying Freitag's motions to proceed *in forma pauperis* and to appoint counsel for him, and dismissed the complaint without prejudice.

      That same day, Freitag submitted an *ex parte* application requesting a hearing on his motion to proceed *in forma pauperis*, which is being rejected by discrepancy order. On December 19, he submitted a motion for reconsideration of the Court's order denying him leave to proceed *in forma pauperis*, denying him appointed counsel, and dismissing the complaint. That motion is being accepted for filing by a separate discrepancy order, but the very well-worn police reports Freitag attached to it are being returned to him.

      Regardless of whether the Court construes this motion as a motion pursuant to Fed. R. Civ. P. 59 or 60, it must be denied. The motion and the police reports show that Freitag

was involved in an altercation with three men near the harbor in San Diego. The three men accused him of attacking them with a knife, which Freitag now denies. One of the men apparently placed or tried to place Freitag under citizen's arrest. Police apparently disbelieved Freitag and instead believed witnesses. Freitag alleges he was prosecuted for this and pleaded guilty.

By way of an attempt at explanation, Freitag alleges that the police officers were dock workers from the Connecticut Department of Corrections, that the Hell's Angels were somehow behind the fight, that he was falsely accused in another incident at a Ralph's grocery store that he believes is related to this one, and that police were involved in some problems he had with social security.

There is no claim here that the Court would have jurisdiction over. Freitag is not in custody and therefore cannot obtain habeas relief. He cannot directly appeal his state court conviction in this Court. The police officers, even assuming they were named as Defendants, did not violate any of Freitag's federal rights. The San Diego City Attorney, whom Freitag now accuses of improperly prosecuting him, is absolutely immune. *See generally Imbler v. Pachtman*, 424 U.S. 409 (1976). Concerning any claim Freitag might have against the three men, the Court would have no jurisdiction over it. They were not acting under color of state law, and no federal question is presented. The pleadings also make clear the parties are not diverse. And no other basis for the Court's exercise of jurisdiction appears in the complaint or any other pleading.

Because the complaint remains dismissed, there is no reason to reconsider the denial of *in forma pauperis* status or appointment of counsel. The motion for reconsideration is therefore **DENIED**. This action is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk is directed to close the docket. No additional filings will be accepted in this closed docket.

**IT IS SO ORDERED**.

DATED: January 3, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge